

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00252-CV

THEODIS DODSON          APPELLANT

V.

ROBERT FORD, SEAN COLSTON,       APPELLEES
TARRANT COUNTY DIST. ATTY,
AND THE STATE OF TEXAS

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant pro se Theodis Dodson filed a lawsuit against five defendants, including Sean Colston and the Tarrant County District Attorney's Office. On July 1, 2011, the trial court signed an order dismissing with prejudice Appellant's claims against Colston and the district attorney's office because they are frivolous as provided by civil practice and remedies code chapter 14. In a letter

---

[1]See Tex. R. App. P. 47.4.

dated July 19, 2011, we notified Appellant of our concern that we might not have jurisdiction over this appeal because the order he was attempting to appeal from did not appear to be a final judgment or appealable interlocutory order. We stated that unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before July 29, 2011, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response, but the response does not show grounds for continuing this appeal because it presumes that the trial court's July 1, 2011 order severed his claims against the two dismissed defendants from his claims against the three remaining defendants and because it concedes that Appellant's motion for reconsideration remains pending in the trial court.

The general rule, with a few exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The trial court's July 1, 2011 order is not an appealable interlocutory order. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2008). We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: August 18, 2011

2